# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 02/06/2023 07:45 PM David W. Slayton, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk
Case 2:23-cv-03363-RGK-AS   Document 1-1   Filed 05/02/23   Page 2 of 13   Page ID #:10
Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Thomas Falls

BRYCE A. DODDS (SBN 283491)
**THE LAW OFFICE OF BRYCE A. DODDS**
120 Birmingham Drive, Suite 250-B
Cardiff-by-the-Sea, CA 92007
Tel. No.: (760) 593-7353
bdodds@brycedoddslaw.com

Attorney for Plaintiff Jorge Israel Zuniga

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JORGE ISRAEL ZUNIGA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; and DOES 1–20,<br><br>Defendants. | CASE NO.: 23PSCV00360<br><br>**COMPLAINT**<br><br>1. Hostile Work Environment (Cal. Gov't Code § 12940(a));<br>2. Retaliation (Cal. Gov't Code § 12940(h));<br>3. Failure to Accommodate (Cal. Gov't Code § 12940(m));<br>4. Failure to Prevent Harassment and Retaliation (Cal. Gov't Code § 12940(k)).<br>5. Wrongful Termination on Violation of Public Policy<br><br>**DEMAND FOR JURY TRIAL** |

-1-

COMPLAINT

**INTRODUCTION**

1. Plaintiff Jorge Israel Zuniga ("Mr. Zuniga") individually, and demanding trial by jury, complains and alleges on information and belief and brings this wrongful termination action against defendants Wells Fargo Bank, N.A. (WFB) and DOES 1 through 20.

2. WFB and DOES 1 through 20 are collectively referred to as "Defendants".

**THE PARTIES**

3. At all material times, Mr. Zuniga was a resident of San Bernardino County in the State of California and was an employee of Defendants under California Government Code section 12940 in Los Angeles County in the State of California.

4. At all material times, WFB conducted business in Los Angeles County in the State of California.

5. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of defendants DOES 1 through 20, inclusive, are unknown to Mr. Zuniga who therefore sues these defendants by such fictitious names under California Code of Civil Procedure section 474. Mr. Zuniga will either seek leave to amend this Complaint or file a DOE statement to allege the true names and capacities of DOES 1 through 20, inclusive, when the same are ascertained.

6. Mr. Zuniga is informed and believes, and thereon alleges, Defendants are each responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged in this Complaint.

7. Mr. Zuniga alleges on information and belief that Defendants knowingly and willfully acted in concert, conspired together, and agreed among themselves to enter into a combination and systemized campaign of activity to cause the injuries and damages alleged in this Complaint, and to consciously and or recklessly act in derogation of Mr. Zuniga's rights and his trust in each defendant, said acts being negligently and or intentionally inflicted. Defendants' conspiracy and concerted actions were such that, to Mr. Zuniga's information and belief, and to all appearances, Defendants represented a unified body such that each defendant accomplished its actions in concert with, and with knowledge, ratification, authorization, and approval of every other defendant.

8. Mr. Zuniga alleges on information and belief that each of Defendants, including DOES 1 through 20, inclusive, is, and at all times mentioned herein was, the agent, servant, alter ego, and or employee of each of the other defendants and that each defendant was acting within the course of scope of his, her, or its authority as the agent, servant, and or employee of each of the other defendants. Consequently, each defendant is jointly and severally liable to Mr. Zuniga for the damages incurred as a proximate result of their conduct.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under the California Constitution, Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." No statute assigning jurisdiction over Mr. Zuniga's claims to another court exists.

10. This Court has jurisdiction over Defendants as each is a citizen, has sufficient minimum contacts with, and intentionally avails themselves of the market of California to render this Court's jurisdiction over them consistent with traditional notions of fair play and substantial justice.

11. Venue as to each defendant is proper in this judicial district under California Code of Civil Procedure sections 395(a) and 395.5, because the acts herein complained of occurred in Los Angeles County, and Mr. Zuniga's resulting injuries were sustained there. Defendants own or maintain offices in Los Angeles County, transact business there, have an agent or agents within Los Angeles County, and are otherwise found within Los Angeles County.

## ADMINISTRATIVE PREREQUISITES

12. Mr. Zuniga filed a complaint with the Department of Fair Employment and Housing ("DFEH") against Defendants, encompassing each claim in this Complaint for Damages and received his immediate right-to-sue letter from the DFEH.

13. Mr. Zuniga has taken all steps required to exhaust his administrative prerequisites to filing this civil action.

**FACTUAL ALLEGATIONS**

14. WFB hired Mr. Zuniga around March 24, 2003 to work as a customer service representative in its El Monte, California "Phone Bank." In this position, WFB expected Mr. Zuniga to answer calls from customers of the bank.

15. Around August 2004, Mr. Zuniga became a "Sales Phone Banker" working from the same El Monte, California Phone Bank. In this position, WFB expected Mr. Zuniga to sell products and services to bank customers calling into the Phone Bank. Mr. Zuniga routinely met or exceeded WFB's expectations.

16. From 2014 through the end of his employment, Mr. Zuniga made numerous complaints to WFB through the "Employee Confidential Line" and Human Resources, his manager Leticia Avalos, supervisors Jessica Pleitez and Juan Marquez, and Regional Sales Manager Edward Pfeifer. In these complaints, he explained that WFB, including Avalos, Pleitez, and Marquez, set unrealistic sales quotas and that they were constantly threatening and intimidating him. They would threaten him with such things as written discipline and job loss. He explained how this was causing him severe emotional distress, anxiety, and depression.

17. Once Mr. Zuniga complained, WFB, including Avalos, Pleitez, and Marquez, began retaliating against him. They ramped up their pressure on Mr. Zuniga, knowing the severe emotional and mental effects it would have on him; they continued to threaten him with written discipline and termination; they changed his schedule to negatively impact his personal life; and they took active steps to prevent him from changing jobs and work locations. They did all of this to get him to quit. He ended up taking a leave of absence because of the harassment and retaliation Defendants directed at him. When he returned from his leave of absence, he faced the same types of harassment retaliation as though nothing had changed.

18. Mr. Zuniga did not sit idly by and take no action to stop the harassment and retaliation WFB directed at him. In fact, he complained and applied for at least 60 positions throughout WFB. Mr. Zuniga believed his 30 years of banking experience, his dedication to WFB since 2003, and his performance would easily allow him to move positions and locations. He even sought

positions with part time schedules and downgrades in position and pay, but WFB refused to hire him for any positions, even though he was well qualified to perform the positions he applied for.

19. For example, around beginning of October 2019, he had an interview set for a position in a branch in Rialto, California. Before the interview, the Branch Manager at that location canceled the interview without explanation. Mr. Zuniga believes this was but one instance in a long line where WFB refused to even consider him for another position. WFB's goal was to make it miserable enough for Mr. Zuniga to quit.

20. When Mr. Zuniga learned his interview was canceled, his emotional distress increased. He was amongst other things, exhausted, feeling anxiety, and going through depression. He visited his doctor and used his remaining PTO and sick time.

21. He also requested a leave of absence. Defendants required Mr. Zuniga to discuss the matter with Pleitez, even though she was one source of his emotional distress because of the hostile work environment and retaliation she directed at him and even though WFB has a specific department that handles leaves of absence requests. Defendants, through Pleitez, denied Mr. Zuniga a leave of absence.

22. Mr. Zuniga knew he would have to return to WFB at some point without any change in his work environment and knew WFB would not do anything to prevent continued harassment and retaliation. WFB left Mr. Zuniga with no choice but to continue working in a toxic, hostile work environment or quit. On October 25, 2019, WFB constructively terminated Mr. Zuniga.

23. As a result of the above, Defendants have caused Mr. Zuniga to not only incur monetary losses and loss of benefits, but have caused him to suffer, amongst other things, emotional distress, anxiety, depression, mental anguish, embarrassment, fear, sleepless nights, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

**FIRST CAUSE OF ACTION**
**HOSTILE WORK ENVIRONMENT**
**(Against All Defendants)**

23. Mr. Zuniga re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint for Damages.

24. Mr. Zuniga brings this cause of action against Defendants.

25. Mr. Zuniga was an employee of Defendants during the relevant period. Mr. Zuniga was performing his job in no less than a satisfactory manner and was entitled to a work environment that was neither hostile nor abusive and was free from unlawful discrimination, harassment, and retaliation.

26. Defendants subjected Mr. Zuniga to severe and pervasive unwanted harassing conduct directed because of his disability, i.e. the emotional distress, anxiety, and depression he suffered, a protected characteristics under the FEHA, California Government Code sections 12940, *et seq*. and for engaging in protected activity.

27. Mr. Zuniga found his work environment at WFB to be severely hostile, abusive, intolerable, and persistent as it related to his disability and for engaging in protected activities. In fact, any reasonable person like Mr. Zuniga would have found the workplace harassment and retaliation from Defendants hostile, abusive, severe, and persistent.

28. On information and belief, Defendants knew or should have known about the harassment, discrimination, and retaliation Mr. Zuniga suffered at WFB because Mr. Zuniga complained numerous times; but, Defendants refused and or failed to take any corrective action.

29. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have damaged Mr. Zuniga in that Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

30. As a further direct and proximate result of Defendants' above-described harassing conduct, Defendants have deprived Mr. Zuniga of the security, solace, and peace of mind for which he entered the employment relationship with WFB, and have thereby caused Mr. Zuniga to suffer emotional distress, anxiety, depression, mental anguish, embarrassment, fear, sleepless nights, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

31. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression, and with conscious disregard for Mr. Zuniga's rights and with the intent, design, and purpose of injuring him, and with the knowledge their conduct was substantially certain to result in financial damage and emotional distress to Mr.

Zuniga. Defendants, including WFB, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Zuniga is entitled to punitive or exemplary damages from Defendants, and each of them, as prayed for below.

32. As a further direct and proximate result of the Defendants' actions, Mr. Zuniga is entitled to recover and seeks to recover his attorney fees and costs. (Cal. Gov't Code § 12965(b).)

## SECOND CAUSE OF ACTION
## RETALIATION
### (Against the County)

33. Mr. Zuniga re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

34. Mr. Zuniga brings this cause of action against WFB.

35. Under the FEHA, it is unlawful for an employer to engage in retaliatory discrimination. (Cal. Gov't Code § 12940(h).)

36. Mr. Zuniga was an employee of WFB during the relevant period.

37. As stated above, WFB is an employer covered by the FEHA because they employ more than five persons. (*See* Cal. Gov't Code § 12926(d).)

38. Mr. Zuniga openly opposed all unlawful acts of harassment against him. In response to this opposition, Defendants denied Mr. Zuniga compensation, benefits, and opportunities of employment, and a work environment free of harassment and retaliation, continued to retaliate against him, and refused to prevent the harassment and retaliation directed at him.

39. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have damaged Mr. Zuniga in that Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

///
///
///
///

40. As a further direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have deprived Mr. Zuniga of the security, solace, and peace of mind for which he entered the employment relationship with WFB, and have thereby caused Mr. Zuniga to suffer emotional distress, anxiety, depression, mental anguish, embarrassment, fear, sleepless nights, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

41. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression, and with conscious disregard for Mr. Zuniga's rights and with the intent, design, and purpose of injuring him and with the knowledge that their conduct was substantially certain to result in financial damage and emotional distress to Mr. Zuniga. WFB, and the other defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Zuniga is entitled to punitive or exemplary damages from Defendants, and each of them, as prayed for below.

42. As a further direct and proximate result of Defendants' actions, Mr. Zuniga is entitled to recover and seeks to recover attorney fees and costs. (Cal. Gov't Code § 12965(b).)

### THIRD CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### (Against Defendants)

43. Mr. Zuniga re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

44. Mr. Zuniga brings this cause of action against Defendants.

45. Mr. Zuniga suffered from a disability under the FEHA. He possessed mental impairments limiting a major life activity, making achievement of work, a major life activity, very difficult.

46. Mr. Zuniga is a qualified individual with a disability in that he is an individual with a disability who, with or without reasonable accommodation could have performed the essential functions of the employment position he desired and or held.

///
///

47. Defendants were aware of Mr. Zuniga's disabilities when they took adverse employment action against him and terminated him. Defendants had a duty to accommodate Mr. Zuniga's disabilities and failed to accommodate those disabilities and his request for them to do so under the FEHA.

48. Mr. Zuniga's status as a disabled individual was one substantial factor, which led to Defendants' decision to take adverse employment action against him, such as terminating him.

49. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have damaged Mr. Zuniga in that Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

50. As a further direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have deprived Mr. Zuniga of the security, solace, and peace of mind for which he entered the employment relationship with Defendants, and have thereby him to suffer emotional distress, mental anguish, embarrassment, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

51. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression, and with conscious disregard for Mr. Torres's rights and with the intent, design, and purpose of injuring him and with the knowledge their conduct was substantially certain to result in financial damage and emotional distress to his. Defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Zuniga is entitled to punitive or exemplary damages from all defendants, and each of them, as prayed for below.

52. As a further direct and proximate result of Defendants' actions, Mr. Zuniga is entitled to recover and seeks to recover attorney fees and costs. (Cal. Gov't Code § 12965(b).)

///

///

///

///

**FOURTH CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**
(Against The County)

53. Mr. Zuniga re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

54. Mr. Zuniga brings this cause of action against WFB.

55. At all material times, Mr. Zuniga was an employee of Defendants during the relevant period.

56. Despite actual and constructive knowledge of the above-mentioned harassing and retaliatory conduct, WFB refused and or failed to take reasonable steps to prevent the harassment, and retaliation against Mr. Zuniga.

57. As a direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have damaged Mr. Zuniga in that Defendants wrongfully and tortiously deprived him of future wages, bonuses, benefits, and other compensation he was and remains entitled to.

58. As a further direct and proximate result of Defendants' above-described discriminatory conduct, Defendants have deprived Mr. Zuniga of the security, solace, and peace of mind for which he entered the employment relationship with WFB, and have thereby caused Mr. Zuniga to suffer emotional distress, anxiety, depression, mental anguish, embarrassment, fear, sleepless nights, financial insecurity, and humiliation, all to his special damage in an amount per proof at trial.

59. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression and with conscious disregard for Mr. Zuniga's rights and with the intent, design, and purpose of injuring him and with the knowledge that their conduct was substantially certain to result in financial damage and emotional distress to Mr. Zuniga. WFB, and the other defendants, through their officers, managing agents, and or supervisors, authorized, condoned, willfully ignored, and or ratified the unlawful conduct of all other defendants named in this action. By reason thereof, Mr. Zuniga is entitled to punitive or exemplary damages from Defendants, and each of them, as prayed for below.

60. As a further direct and proximate result of Defendants' actions, Mr. Zuniga is entitled to recover and seeks to recover attorney fees and costs. (Cal. Gov't Code § 12965(b).)

# FIFTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendants)

61. Mr. Zuniga re-alleges and incorporates by reference, as though fully set forth herein, all preceding paragraphs of this Complaint.

62. Mr. Zuniga brings this cause of action against Defendants.

63. It is the public policy of the State of California, as expressed in the FEHA (Cal. Gov't Code § 12940, *et seq.*) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), that employers shall not subject employees to harassment and or retaliation, and or terminate employees because of disability, age, or engaging in protected activity. This public policy of the State of California is one that benefits the public at large and guarantees the rights of employees to perform their work free from discrimination. Further public policy support for Mr. Zuniga's wrongful termination claim is also found in California Labor Code sections 6300, 6400, and the California Constitution Article I, section 8. Prohibition of disability and age discrimination and engaging in protected activity in employment is a fundamental public policy.

64. As a direct and proximate result of Defendants' willful, knowing, and intentional constructive termination of Mr. Zuniga and the other adverse action Defendants took against him, Mr. Zuniga has suffered and will continue to suffer pain and suffering and mental anguish and emotional distress. Mr. Zuniga is thereby entitled to general and compensatory damages in amounts to be proven at trial.

65. As a direct and proximate result of Defendants' willful, knowing, and intentional constructive termination against Mr. Zuniga, Mr. Zuniga has incurred and will continue to incur a loss of earnings and other employment benefits. Mr. Zuniga is thereby entitled to general and compensatory damages in amounts to be proven at trial.

66. The outrageous conduct of Defendants, and each of them, committed the outrageous conduct described above with malice, fraud, and oppression, and with conscious disregard for Mr. Zuniga's rights and with the intent, design, and purpose of injuring him, and with the knowledge their conduct was substantially certain to result in financial damage and emotional distress to him. Defendants, through their officers, managing agents, and or supervisors, authorized, condoned,

willfully ignored, and or ratified the unlawful conduct of all other Defendants named in this action. By reason thereof, Mr. Zuniga is entitled to punitive or exemplary damages from all Defendants, and each of them, as prayed for below.

## PRAYER FOR RELIEF

Mr. Zuniga prays for judgment against Defendants, and each of them, as follows:

1. For general, special, and compensatory damages, including, but not limited to loss of past, present, and future earnings and benefits and emotional distress damages, in a sum to be determined per proof at time of trial damages;

2. For prejudgment and post judgment interest at the legal rate;

3. For penalties;

4. For costs of suit;

5. For reasonable attorney fees; and,

6. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Mr. Zuniga demands trial by jury.

Dated: February 6, 2023          **THE LAW OFFICE OF BRYCE A. DODDS**

By: s/ *Bryce A. Dodds*
Attorney for Plaintiff Jorge Israel Zuniga
E-mail: bdodds@brycedoddslaw.com